**Entered on Docket**
**August 27, 2013**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: August 26, 2013**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 12-33016DM |
| O'REILLY & COLLINS, a Professional Corporation, | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |

**MEMORANDUM DECISION REGARDING FEE APPLICATIONS OF CREDIT MANAGEMENT ASSOCIATION AND PINNACLE LAW GROUP LLP**

Approximately two weeks prior to the filing of an involuntary petition against it, O'Reilly & Collins ("Debtor") executed a general assignment for the benefit of its creditors to Credit Management Association ("CMA"), as assignee. Debtor executed this general assignment in part to preserve a preferential transfer action under state law against judgment creditor Michael Danko ("Danko")[1] under California Code of Civil Procedure § 1800(b).[2]

---

[1] Danko had recorded a notice of judgment lien on July 13, 2012, and Debtor executed the general assignment on October 8, 2012.

[2] Citing *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005), Danko contends that the statute is preempted by the Bankruptcy Code and is invalid. If the involuntary petition had been dismissed, however, preemption would not occur and the

-1-

More than 90 days after the recordation of his judgment lien, Danko and two other creditors filed the involuntary petition against Debtor.

Contending that a bankruptcy trustee would not be able to pursue a preference action against Danko because more than ninety days had elapsed between the recording of the judgment lien and the filing of the involuntary petition, CMA moved for dismissal of the involuntary petition so that it could pursue the state court action. (CMA asserted that the assignment for benefit of creditors tolled the statute of limitations as to it, the assignee). Creditor California Bank & Trust and Debtor joined the motion to dismiss.

At a hearing on the motion to dismiss in December 2012, the court stated that it would enter an order for relief if Danko waived his judgment lien. Danko refused to do so, but did agree to participate in a settlement conference. The January 2013 settlement conference was productive, in that Danko agreed to subordinate his lien (but not his claim) in exchange for a partial early distribution. California Bank & Trust also agreed that it was an unsecured creditor. But for this settlement -- precipitated by CMA's prosecution of the motion to dismiss the involuntary petition -- no assets would be available for unsecured creditors, as Danko's judgment lien encumbered most of Debtor's assets. On February 4, 2013, following the settlement, the court

---

state courts would be able to address the applicability and validity of the state law outside of a bankruptcy context. *See Credit Managers Association of California v. Countrywide Home Loans, Inc.*, 144 Cal. App. 4th 590, 600 (2007); *Haberdash v. Charles & Dorothy Cummins Family Limited Partnership*, 139 Cal. App. 4th 1630, 1640 (2006).

Case: 12-33016    Doc# 135    Filed: 08/26/13    Entered: 08/27/13 11:50:13    Page 2 of 6

1 entered an order for relief; Barry Milgrom was appointed as the
2 chapter 7 trustee ("Trustee").   On March 28, 2013, Trustee
3 filed a notice of possible dividend to unsecured creditors.
4    On June 18, 2013, CMA filed a motion for allowance of fees
5 and expenses as a custodian of Debtor under 11 U.S.C. § 543(c).
6 Its former counsel, Pinnacle Law Group LLP ("Pinnacle"), and
7 Michael Bonner also filed fee applications.  Danko filed an
8 opposition to the applications of CMA and Pinnacle;  Trustee filed
9 comments regarding the requested fees and expenses of CMA,
10 Pinnacle and Mr. Bonner.  At a hearing on July 12, 2013, the court
11 awarded Mr. Bonner his requested fees and expenses.  It also
12 permitted Danko, Pinnacle and CMA to submit post-hearing briefs.
13 Danko filed its supplemental memorandum on July 19; Pinnacle and
14 CMA filed their supplemental memoranda on July 26, 2013.
15    While it also objects to specific expenses and fees, Danko's
16 primary position is that CMA and Pinnacle are not entitled to
17 compensation and reimbursement of expenses incurred after the
18 involuntary petition was filed, as CMA should not have sought
19 dismissal.  Quoting *Szwak v. Earwood & Winchell (In re*
20 *Bodenheimer, Jones, Szwak & Winchell L.L.P.),* 592 F.3d 664,
21 671-672 (5th Cir. 2009) ("*Bodenheimer*"), Danko states that
22 "nowhere in the relevant bankruptcy statutes does it state that a
23 superseded custodian is authorized to oppose a bankruptcy petition
24 or to employ the estate's resources to do so."
25    In *Bodenheimer*, a partner of a law firm filed a petition for
26 judicial dissolution and liquidation of the firm; the state court
27 appointed a liquidator.  Thereafter, another partner filed an
28 involuntary petition and the liquidator unsuccessfully opposed the

-3-

bankruptcy.  The liquidator thereafter sought recovery of his fees and expenses, including those incurred in opposing the involuntary petition.  Citing section 543(a), the Fifth Circuit observed that upon the filing of the involuntary petition, the liquidator was forbidden for making any distribution of property or taking any action in the administration of the purported debtor's estate, "except such action as is necessary to preserve such property." *Id.* at 672.  It then concluded that in order to be "necessary," an expense must be beneficial.  *Id.*  The Fifth Circuit concluded that the liquidator's opposition to the involuntary petition was neither necessary or beneficial.

Here, however, CMA's opposition was necessary to preserve estate assets for the benefit of unsecured creditors.  CMA could have pursued an avoidance of Danko's lien, thereby potentially unencumbering assets that may have been otherwise unavailable to unsecured creditors under the Bankruptcy Code's preference law. Its actions resulted in Danko agreeing to subordinate his liens. The court therefore rejects Danko's general argument that fees and costs incurred after the involuntary petition date, particularly those related to CMA's motion to dismiss, are not compensable.

Notwithstanding its rejection of Danko's general argument, the court does agree with him and the Trustee that particular fees and expenses are not allowable.  In particular, the court will not allow the fees and costs incurred by Pinnacle in attending in person a status conference in a matter pending in Los Angeles, when it could have appeared telephonically.  The court will therefore reduce Pinnacle's fees by $3,212.00.

The court also agrees with Danko that the "minimum" fee of

Case: 12-33016    Doc# 135    Filed: 08/26/13    Entered: 08/27/13 11:50:13    Page 4 of 6

$35,000 charged by CMA is not justified, necessary or reasonable under these circumstances, particularly as the costs of its own employee are being charged as a separate expense ($7,978.30 for "Administrator Adjustor's Services" of Daphne Masin). The court will reduce that fee by twenty percent.

CMA also reimbursed itself more than $1,026.94 for its own labor costs to scan documents for the estate (although no invoice or detail of that charge is attached as Exhibit "F" to Michael L. Joncich's declaration filed on July 10, 2013). CMA is also seeking reimbursement of $816.53 for "an allocation of costs for cell phone service among the various unrelated general assignments administered by CMA." *See* Mr. Joncich's July 10 declaration at 2:22-24. There has been no showing that such costs benefitted the estate. Finally, the court will not permit CMA to recover as an expense the amount it paid ($8,200) to Easy AUM, Inc. on account of two invoices for unspecified pre-petition IT services.

In light of the foregoing, the court will reduce CMA's compensation by $7,000 and its requested expenses by $10,043.47.

CMA and Pinnacle have demonstrated that the remaining fees and expenses are reasonable and necessary; their services were beneficial to the estate as Danko subordinated his lien. Moreover, strict compliance with this court's Guidelines was not required, as PLG and CMA were not employed as professionals of the estate. In light of the foregoing, Pinnacle and CMA should upload orders consistent with this memorandum decision.

*** END OF MEMORANDUM DECISION ***

```
 1                        COURT SERVICE LIST

 2  O'Reilly & Collins, a Professional Corporation
    1900 O'Farrell Street
 3  Suite 360
    San Mateo, CA 94403
 4
    Credit Management Association
 5  40 East Verdugo Ave.
    Burbank, CA 91502
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

Case: 12-33016    Doc# 135    Filed: 08/26/13    Entered: 08/27/13 11:50:13    Page 6 of 6